IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:08cv309

| | |
|---|---|
| L & M COMPANIES, INC. )<br>)<br>    Plaintiff )<br>)<br>    v. )<br>)<br>BIGGERS III PRODUCE, INC., d/b/a )<br>CHARLOTTE'S FINEST PRODUCE, )<br>HOWARD R. BIGGERS, III, and )<br>DONALD BURNETTE, )<br>)<br>    Defendants. )<br>_____ ) | <u>TEMPORARY RESTRAINING<br>ORDER</u> |

**THIS MATTER** is before the Court upon plaintiff's Motion for Temporary Restraining Order Without Notice pursuant to Rule 65 of the Federal Rules of Civil Procedure. (Doc. No. 2). After careful consideration of the record, the Court makes the following findings of fact and conclusions of law.

Pursuant to Rule 65(b), a temporary restraining order may be granted without notice to the adverse party only if: 1) it clearly appears from specific facts shown by affidavit or verified complaint that immediate and irreparable injury, loss or damage will result before the adverse party can be heard in opposition, and 2) the applicant's attorney certifies the reasons that notice should not be required.

For purposes of this Order, it clearly appears from the affidavit attached to the Motion for Temporary Restraining Order that plaintiff is a produce creditor of defendants under Section 5(c) of the Perishable Agricultural Commodities Act (PACA), 7 U.S.C. § 499e(c), and has not been paid for produce in the amount of $114,095.00 supplied to defendants as required by the PACA. (Doc. No. 2-

3: Affidavit of Carol McLean). It also clearly appears that defendants are in severe financial jeopardy and are dissipating PACA trust assets in that defendants: 1) without disputing the debt, have not paid the entire sum owed to plaintiffs despite repeated demands; 2) have advised plaintiffs that they are ceasing all ongoing operations; and 3) have informed plaintiffs that they cannot pay their debt. (Id.) As a result, the Court finds that the PACA trust assets are threatened with dissipation. Taminura & Antle, Inc. v. Packed Fresh Produce, Inc., 222 F.3d 132 (3rd Cir. 2000); Frio Ice, S.A. v. Sunfruit, Inc., 918 F.2d 154 (11th Cir. 1990).

In accord with Rule 65(b)(2), the applicant's attorney has certified why notice should not be required. (Doc. No. 2-2: Certification of Rachel S. Decker). If notice is given to defendants of the pendency of this motion, trust assets may be further dissipated before the motion is heard. Once dissipation has occurred, recovery of trust assets is all but impossible. H.R. Rep. No. 543, 98th Cong., 2d Sess. 4 (1983), reprinted in 1984 U.S. Code & Admin. News 405, 411. Taminura & Antle, Inc., 222 F.3d at 139. Entry of this Order without notice assures retention of the trust assets under the control of the Court, which is specifically vested with jurisdiction over the trust. 7 U.S.C. §499e(c)(5).

There is little harm to defendants in granting an injunction, which only requires defendants to do that which they are required to do under the statute, that is , maintain the trust required by statute and pay for the undisputed portion of produce. Finally, the public interest is furthered by the granting of a temporary restraining order. The purpose of the statute is to protect the public interest and remedy the burden on commerce due to nonpayment for produce. 7 U.S.C. §499e(c)(1); Taminura & Antle, Inc., 222 F.3d at 140.

Based on the foregoing, the Court finds that plaintiff will suffer immediate irreparable injury in the form of a loss of trust assets unless this Order is granted without notice.

**IT IS, THEREFORE, ORDERED** that:

1. defendants, their officers, agents, servants, employees, attorneys and all persons in active concert or participation with them who receive actual notice of this Order are enjoined and restrained from dissipating, paying, transferring, assigning or selling any and all assets covered by or subject to the trust provision of PACA, 7 U.S.C. § 499e(c)(2), that is, perishable agricultural commodities received by Biggers III Produce, Inc. d/b/a Charlotte's Finest Produce or their subsidiaries or related companies in all transactions, and all inventories of food or other products derived from perishable agricultural commodities, and any receivables or proceeds from the sale of such commodities or products, without agreement of the parties, order of this Court, or until the expiration of this Order.  Provided, however, that the defendants may sell or transfer perishable agricultural commodities for fair compensation, without right of setoff, on the condition that the proceeds of such sale are kept in a segregated account subject to this Order.  Upon defendants' payment to plaintiff in the amount of $114,095.00 by cashier's check or certified check at this Order is dissolved;

2. in the event defendants fail to pay plaintiff the sum of $114,095.00 by cashiers or certified check within five (5) days of service of this Order, then the defendants shall file with this Court, with a copy to plaintiff's counsel, an accounting which identifies the assets and liabilities and each account receivable of Biggers III Produce, Inc. d/b/a Charlotte's Finest Produce signed under penalty of perjury; and that defendant Biggers III Produce, Inc. d/b/a Charlotte's Finest Produce shall also supply to plaintiff's attorney, within ten (10) days of the date of this Order, any and all documents in connection with their assets and liabilities and related and subsidiary companies, including, but not limited to, the most recent balance sheets, profit/loss statements, accounts receivable reports, accounts payable reports, accounts paid records and income tax returns;

3. the $114,095.00 in PACA trust assets belonging to plaintiff and in the possession of defendants shall serve as security for this injunction as required by Fed. R. Civ. P. 65(c); and

4. a hearing on plaintiff's motion for preliminary injunction is scheduled for July 8, 2008, at 2 p.m.

This Temporary Restraining Order is entered on July 3, 2008, at 3:07 p.m. Plaintiff shall immediately serve defendants and their counsel with a copy of this Order.

Signed: July 3, 2008

Robert J. Conrad, Jr.
Chief United States District Judge