IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:0-8cv-309-RJC

| | |
|---|---|
| L & M COMPANIES, INC. ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **STIPULATION AND AGREED ORDER** |
| ) | **ESTABLISHING PACA TRUST CLAIMS** |
| BIGGERS III PRODUCE, INC., d/b/a ) | **PROCEDURE** |
| CHARLOTTE'S FINEST PRODUCE, ) | |
| HOWARD R. BIGGERS, III, and ) | |
| DONALD BURNETTE, ) | |
| ) | |
| Defendants. ) | |
| _____) | |
| ) | |
| BUSHMANS', INC., ) | |
| ) | |
| Intervening Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| BIGGERS III PRODUCE, INC., d/b/a ) | |
| CHARLOTTE'S FINEST PRODUCE, ) | |
| HOWARD R. BIGGERS, III, and DONALD ) | |
| BURNETTE, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

WHEREAS, Plaintiff, L&M Companies, Inc. ("Plaintiff") commenced the present action against Defendants, Charlotte's Finest & Produce Corp. ("Charlotte's Finest"), Howard R. Biggers and Donald Burnette (collectively the "Principals") (Charlotte's Finest and the Principals are hereinafter collectively referred to as "Defendants").

1

WHEREAS, Bushmans', Inc. ("Intervening Plaintiff") has filed a motion seeking leave of the Court to intervene in the instant action.

WHEREAS, Plaintiff, Intervening Plaintiff, and Defendants have conferred in an attempt to conserve fees and costs, as well as the Court's time in connection with this action, and have reached an agreement regarding the terms of this Injunction.

WHEREAS, Defendants do not have any objection to the entry of a Stipulated Preliminary Injunction upon the terms reflected herein.

Accordingly, **IT IS STIPULATED AND AGREED** by and between the Plaintiff, Intervening Plaintiff, and Defendants:

A) Each of the foregoing recitals is incorporated by reference.

B) Plaintiff and Intervening Plaintiff have asserted rights against Defendants under the statutory trust provisions of the PACA, and other claimants are expected to do so.

C) PACA impresses a statutory, non-segregated floating trust (the "PACA Trust") on all of Charlotte's Finest's inventories of perishable agricultural commodities ("Produce"), food or products derived from Produce ("Products"), accounts receivable and other proceeds of the sale of Produce or Products, and assets commingled or purchased or otherwise acquired with proceeds of such Produce or Products (assets subject to the PACA Trust are hereinafter referred to as "PACA Trust Assets") for the benefit of qualifying sellers to Charlotte's Finest.

D) Charlotte's Finest was a dealer and/or commission merchant under PACA.

E) The accounts receivable and business records, including a list of the potential PACA trust beneficiaries of Charlotte's Finest are in the possession and control of Defendant Howard Biggers.

F) The Parties agree to commence, or otherwise complete, the process of liquidating the Assets subject to the terms of this Order. The Parties believe that an orderly liquidation of such Assets will produce the greatest value for purposes of satisfying PACA Trust and other claims.

G) Plaintiff and Intervening Plaintiff reserve the right to assert that any and all Assets should be considered or deemed to be included within the definition of PACA Trust Assets.

H) Charlotte's Finest reserves all of its rights and defenses with respect to the amount, validity and PACA Trust status of Plaintiff and Intervening Plaintiff's claims and those of any other PACA Trust Creditor; all rights and defenses to the assertion that any particular Asset does, or does not constitute a PACA Trust Asset; and in the case of the Principals, all rights and defenses to any claims asserting personal liability.

I) Plaintiff and Intervening Plaintiff reserve any claims they may have against the Principals and any transferee of PACA Trust Assets or any other person or entity subject to PACA liability hereunder.

J) The parties agree that this Order is reasonable and necessary to provide a procedural framework for the orderly liquidation of Charlotte's Finest's Assets, and to review, qualify and satisfy any and all claims against the

PACA Trust Assets, to maximize the recovery for all unpaid beneficiaries of the PACA trust, and to ensure that the rights of all potential claimants are efficiently addressed in a single proceeding without the expense of administering multiple, separate actions against Charlotte's Finest.

K) The parties agree that Plaintiff's counsel, J. Patrick Haywood, Esq. ("Mr. Haywood") shall oversee the liquidation of the PACA Trust Assets, and that Mr. Haywood, along with Defendants' counsel, William Robinson, Esq. ("Mr. Robinson") shall distribute Charlotte's Finest's PACA Trust Assets to the holders of valid PACA trust claims pursuant to the procedures provided herein.

L) This Order may be executed in any number of counterparts via facsimile or otherwise with the same effect as if all signatories had signed the same document. All counterparts must be construed together to constitute one instrument.

Based on the foregoing, **IT IS THEREFORE HEREBY ORDERED** as follows:

### I. PRELIMINARY INJUNCTION

1. This Order will be binding upon the parties to this action, their officers, agents, employees, or banks, and/or all other persons or entities who receive actual notice of the entry of this Order. In this regard, Defendant Charlotte's Finest is hereby directed to serve a copy of this Order on all financial institutions with which it does any business or who may be holding any assets for or on behalf of it.

2. Charlotte's Finest, its agents, employees, officers, directors, and representatives are restrained and enjoined from transferring or dissipating PACA Trust Assets including, but not limited to, inventories of perishable agricultural commodities ("Produce"), food or products derived from Produce ("Products"), accounts receivable and other proceeds of the sale of Produce or Products, and assets commingled or purchased or otherwise acquired with proceeds of such Produce or Products (assets subject to the PACA Trust are hereinafter referred to as "PACA Trust Assets"), or withdrawing funds from the PACA Trust Account (described at ¶3), except as set forth in this Order. Charlotte's Finest shall serve a copy of this Order on each of its financial institutions in which it has funds on deposit, and on any other entity that may be in possession of any of Charlotte's Finest's Assets. A Proof of Service shall be filed with the Court within three (3) days of service of this order on any entity.

3. The assets subject to the Preliminary Injunction Order include all of the assets of the Defendant Charlotte's Finest, unless it can prove to this Court that a particular asset is not derived from perishable agricultural commodities, inventories of food or other products derived from perishable agricultural commodities or receivables or proceeds from the sale of such commodities or products.

4. Defendants shall endorse any checks made, endorsed or paid to Charlotte's Finest which are trust assets and which are in their possession or obtainable

by them at the time of the entry of the Stipulated Preliminary Injunction Order, or which they obtain or which become obtainable by them after entry of the Stipulated Preliminary Injunction Order, and deliver those checks to Mr. Robinson or Mr. Haywood for deposit into the account identified in ¶7.

5. Upon request, during normal business hours, Charlotte's Finest shall provide Mr. Haywood and the counsel of any party hereto reasonable access to Charlotte's Finest's business premises (to the extent that it is able to do so), and make available all books and records, including without limitation, all invoices, credit memos, accounts receivable ledgers, insurance policies, inventory lists, accounts payable lists, customer lists, vendor invoices, corporate organizational documents, minutes, PACA license records, records of stock ownership and transactions, bank records, capital account records, lending and borrowing transactions, and access to Charlotte's Finest's computers, computer software and related passwords.

6. The PACA Trust Assets subject to Plaintiff's claims and in the possession of Charlotte's Finest as described in ¶3, and 7 C.F.R. §46.46 as interpreted by applicable case law, shall serve as Plaintiff and Intervening Plaintiff's security for this injunction as required by Rule 65(c) of the Federal Rules of Civil Procedure.

## II. TURNOVER AND ADMINISTRATION OF TRUST ASSETS.

7. Mr. Haywood shall identify and collect the accounts receivable and other assets subject to the PACA trust of Charlotte's Finest, and preserve funds so collected

for the benefit of all PACA trust creditors of Defendants, as their respective interests may appear, by depositing them in a separate, interest-bearing account located at Charlotte, North Carolina or other nationally chartered banking facility in Charlotte, North Carolina with such account designated as the "Charlotte's Finest Produce PACA Trust Account." Mr. Robinson and Mr. Haywood shall be joint signatories on the account.

8. The funds deposited in the trust account shall only be disbursed to pay Mr. Haywood as set forth in Paragraph 14, and to satisfy the PACA trust claims of Plaintiff, Intervening Plaintiff and other similarly situated creditors.

9. Mr. Haywood shall file a report of all account activity in the PACA Trust Account ("Account Report") with the Court, and serve the same upon all counsel identified in Paragraph 23 of this Order on a quarterly basis no later than the tenth (10th) business day following the end of each calendar quarter. The Account Report shall include copies of all deposits and withdrawals into and from the PACA Trust Account by name of payor or payee, the amount of the transaction, and shall include copies of all bank statements received since the previous Account Report.

10. All interest that accrues on the funds in the PACA Trust Account shall follow the funds into the hands of the creditor ultimately determined to be entitled to such funds.

## III. LIQUIDATION OF THE ASSETS

11. Within two business days after entry of this Order, Defendant Howard Biggers, III and his agents shall deliver any and all funds realized from the sale of produce and accounts receivable of Charlotte's Finest to Mr. Haywood for deposit in the PACA Trust Account.

12. Within two business days after entry of this Order, all funds belonging to Charlotte's Finest on deposit with banking institutions shall be delivered to Mr. Haywood for deposit into the PACA Trust Account.

13. Upon entry of this Order, counsel for Defendant Charlotte's Produce shall serve upon Mr. Haywood an updated list of the accounts receivable and accounts payable of Charlotte's Finest, as well as a detailed itemization of the assets and liabilities of Charlotte's Finest.

14. Mr. Haywood is entitled to reasonable compensation and costs from the PACA Trust Account for performing the duties set forth in this Order. Mr. Haywood shall serve all attorneys of record with his proposed monthly fees and costs via facsimile or e-mail. If no written objections are made within five (5) business days of service, Mr. Haywood is authorized to withdraw monies from the PACA Trust Account to pay the bills. In the event an objection to a payment is made and cannot be resolved by the parties, the objecting party shall, within ten (10) days after the date of its objection, submit the dispute to this Court for resolution.

15. Mr. Haywood shall endeavor to work with the Defendant in collecting the receivables in a manner that is most beneficial to the trust creditors. Mr.

Haywood is specifically authorized to utilize current and former employees of Defendant Charlotte's Finest in the collection of the receivables, and the total compensation to all employees shall not exceed $500.00 per week in the aggregate unless otherwise ordered by this Court. Under no circumstances shall compensation be paid to the Principals.

16. Charlotte's Finest shall maintain the integrity and security of its financial records including accounts payable and receivable. Charlotte's Finest shall prepare a current accounts receivable aging report after application of payments received during the previous thirty (30) days. Upon completion of the accounts receivable aging report, Charlotte's Finest shall deliver a copy of the report to Mr. Haywood for service on all counsel of record.

### IV. CLAIMS PROCEDURE

17. All validly qualified PACA Trust Creditors of Charlotte's Finest have the right to share pro-rata with Plaintiffs in any PACA Trust Assets distributed in these lawsuits.

18. The efficient administration of justice requires that all persons claiming to be PACA trust creditors of Defendants assert their rights in this action by an established bar date in order to close the class of PACA creditors, to prove their claim, share in any distribution of trust assets recovered, avoid duplicate actions and determine the amount of liability, if any, of each Defendant. Further, to ensure finality of any ultimate distribution of PACA Trust Assets in this case, all persons or entities claiming to be PACA trust beneficiaries of

Charlotte's Finest must be required to intervene in this action to bring them within the jurisdiction of this Court. Accordingly, all persons or entities claiming an interest in the PACA Trust Assets are hereby required to intervene in this action before the established bar date in order to (i) avoid duplicate actions, (ii) define the class of PACA trust beneficiaries, (iii) establish a method to determine the validity and amount of their claims, and (iv) share in any distribution of PACA Trust Assets recovered.

19. All persons or entities having an unpaid invoice for the sale of Produce to Charlotte's Finest, or who otherwise claim to be a PACA trust beneficiary of Charlotte's Finest, are hereby granted leave to intervene pursuant to the procedure set forth below and, upon such intervention, each such entity shall be bound by all Orders entered in this case.

20. All persons or entities claiming to be a PACA trust beneficiaries of Charlotte's Finest are hereby granted leave to intervene under Federal Rule of Civil Procedure 24(a), without further notice or motion and, once having intervened and filed a Proof of Claim, each such entity shall be bound by all Orders entered in these cases. In lieu of filing a complaint in intervention, Plaintiffs are granted leave under Federal Rule of Civil Procedure 15(a) to amend their complaint to add additional PACA trust beneficiaries.

21. Within fifteen (15) days after the date of this Order, Mr. Robinson shall issue a written notice (the "Notice") in the form attached hereto as Exhibit "A", to each of Charlotte's Finest's known creditors. If the entity is a party herein,

or if a notice of appearance has been filed on its behalf in this action, the Notice shall be sent to the claimant's attorney of record. The Notice shall be accompanied by a copy of this Order and shall be sent via certified mail with return receipt requested, facsimile, or any equally verifiable means to prove delivery upon the recipient.

22. The Notice shall be structured on the following schedule:

**Counsel to Issue Notice of Deadlines.. . . . . . . . . . . . . . . . . . . . . . . . . August 15, 2008**
**Deadline to Intervene & File PACA Proof of Claim . . . . . . . . . . September 15, 2008**
**Deadline for Objections to Claims. . . . . . . . . . . . . . . . . . . . . . . September 30, 2008**
**Deadline for Responses to Claims Objections. . . . . . . . . . . . . . . . . October 10, 2008**
**Deadline to File PACA Trust Chart. . . . . . . . . . . . . . . . . . . . . . . . . . October 25, 2008**
**Deadline to File Objections to PACA Trust Chart.. . . . . . . . . . . . . October 30, 2008**
**Deadline for Interim Distribution.. . . . . . . . . . . . . . . . . . . . . . . . . . November 15, 2008**

23. Any creditor claiming PACA trust rights against Defendants and wishing to share in any distribution in this action must, on or before the Deadline to Intervene and File PACA Proof of Claim, file the Complaint in Intervention and a PACA Proof of Claim substantially similar to the form attached hereto, together with all supporting documents with the Clerk of the Court, U.S. District Court, Western District of North Carolina, 401 West Trade Street, Room 212, Charlotte, North Carolina, 28202, and serve the Complaint in Intervention and PACA Proof of Claim, with all supporting documentation, on the following counsel of record in this case:

| ROBINSON ELLIOTT & SMITH | CARRUTHERS & ROTH, P.A. |
|---|---|
| William C. Robinson | J. Patrick Haywood |
| Post Office Box 36098 | 235 N. Edgeworth St. |
| Charlotte, NC 28236 | Greensboro, NC 27402 |
| Telephone: 704-343-0061 | Telephone:(336)379-8651 |
| Facsimile: 704-373-0290 | Facsimile:(336) 273-7885 |
| srobinson@reslawfirm.net | jph@crlaw.com |

**MEUERS LAW FIRM, P.L.**
Katy Koestner Esquivel
5395 Park Central Court
Naples, Florida 34109-5932
Telephone: (239) 513-9191
Facsimile: (239) 513-9677
kesquivel@meuerslawfirm.com

Service under this paragraph will be accomplished by personal service, courier, overnight delivery or United States first class, postage pre-paid. The parties hereto agree that service is permitted to be made pursuant to Federal Rule of Civil Procedure 5(b)(2)(D) via e-mail, provided that if service is effectuated via e-mail, a copy of the document shall also be served via U.S. Mail on the date of e-mail service, and service via e-mall shall be made to the e-mail address identified above. Service in this manner upon Charlotte's Finest's Counsel will be deemed service upon Charlotte's Finest. All filings must be accompanied by a certificate of service. Any claims not timely filed with the Proof of Claim in accordance with this Paragraph shall be inadmissible at any evidentiary proceeding or trail conducted in this proceeding. This requirement does not apply by documents relied upon by a PACA claimant to rebut an objection to its claim.

24. After having intervened and filed a Proof of Claim, each such entity shall be bound by all Orders entered in these cases.

25. **ANY CLAIMS NOT TIMELY FILED AND SERVED SHALL BE FOREVER BARRED** and any documents relied upon by the PACA claimant to support its claim which are not served in accordance with this paragraph, shall be inadmissible at any evidentiary hearing or trial conducted in this proceeding. This requirement does not apply to documents relied upon by a PACA claimant to rebut an objection to its claim.

26. Any objection to the PACA trust claims, which may be made by any party in interest, shall be filed with the Court and served upon the PACA claimant and all counsel listed in Paragraph 22 on or before the Deadline for Objections to Claims set forth above. The objection must set forth in detail the legal and factual basis for the objection to each invoice or the payment thereof subject to the objection.

27. On or before the "Deadline for Responses to Claims Objections," the PACA claimant shall file with the Court and serve on all counsel listed in Paragraph 22 and the attorney for the objecting party, a response to the objection which shall include a request for a hearing to determine the validity of the PACA claim.

28. Any PACA Proof of Claim to which no objection has been filed by the objection date, shall be deemed a valid PACA trust claim for the amount stated in the Proof of Claim.

29. Claims for which an objection has been filed and no timely response was filed shall be disallowed to the extent of the objection. Any claim subject to an objection which does timely file a response will be determined after a court hearing, or by stipulation between the objector and claimant and request for Court approval. The first hearing on objections to PACA claims and responses shall be a status/settlement conference, and the Court will make appropriate orders to resolve same. Counsel for the parties shall communicate prior to the hearing to discuss settlement.

30. On or before the Deadline to File PACA Trust Chart, Mr. Haywood shall prepare a chart listing each party or entity having properly and timely filed a verified PACA Proof of Claim, the amount of its claim as set forth on the Proof of Claim, the amount which is deemed valid due to no objections being filed and the amount, if any, subject to a pending objection (the "PACA Trust Chart"). The PACA Trust Chart will also list the funds available for an immediate distribution ("Available Funds"). The PACA Trust Chart shall be filed with the Court and served upon all PACA Trust Beneficiaries having properly and timely filed a PACA Proof of Claim.

31. Any and all objections to the proposed pro-rata distribution as listed on the PACA Trust Chart must be filed within five (5) days of its filing and service. The mere objection to the characterization of a claim as disputed or undisputed will not serve as valid objection to the PACA Trust Chart or prevent distribution according to its terms. Absent valid objections,

Plaintiff's counsel shall, and is hereby authorized to, make an interim distribution of Available Funds on or before the "Interim Distribution Deadline" to be paid pro-rata to the holders of valid claims listed on the PACA Trust Chart. Plaintiff's counsel shall make the distribution payable to the client trust account of the claimant's attorney of record. If an attorney represents more than one claimant, the distribution may be made in one lump sum in the aggregate amount of all the attorney's clients' distributions. Each attorney has the duty to then distribute the funds to their clients in accordance with the PACA Trust Chart. The pro-rata portion of any claim subject to an objection shall be held in the PACA Trust Account until such time as the objection to the particular proposed distribution is resolved. Upon resolution of the objection, the reserve portion is either used to make the pro-rata distribution to the claim if the claimant prevails or is made available for distribution to other valid claims if the objection is sustained.

## V. PROCEDURAL ISSUES

32. This Court shall exercise exclusive in rem jurisdiction over this action, the PACA Trust Assets and the PACA Trust Account established pursuant to this Order. The Court also hereby retains jurisdiction to enter further Orders to enforce the terms of this PACA Claims Procedure.

33. In light of the numerous Complaints and Complaints in Intervention anticipated to be filed in this case, Charlotte's Finest and any other Defendants are granted an extension until September 30, 2008, to file an

omnibus answer to any such Complaints and Complaints in Intervention.

34. Pursuant to Federal Rule of Civil Procedure 5(2)(D), service is permitted to be made via courier, overnight delivery, facsimile or e-mail. If service is effectuated via facsimile or e-mail, a copy of the document shall also be served via U.S. Mail on the date of facsimile or e-mail service.

35. Any party wishing to review or copy any document may make arrangements with the Clerk of the Court or Counsel listed in ¶22, to view the document or arrange for copying at the requesting party's expense.

36. Since the initial disclosures and discovery are, in part, being provided for in this Order, the parties to this action are relieved of complying with Rule 26 of the Federal Rules of Civil Procedure until the "Interim Distribution Deadline" set forth herein. At that time, the Court will set a scheduling conference.

37. Mr. Haywood and Mr. Robinson shall have no responsibility or obligation to any person or entity with respect to the Charlotte's Finest PACA Trust Account, or the tasks to be performed hereunder, other than to comply in good faith with the terms of this Order. Mr. Haywood and Mr. Robinson may rely on and shall be protected in acting and/or refraining from acting on any statement, certificate, notice, request, consent, order or other documents (including Charlotte's Finest' books and records) reasonably believed by them to be genuine and to have been signed or presented by the proper party or parties, or their counsel. Mr. Haywood and Mr. Robinson shall have no

duty or liability to verify any such statement, certificate, notice, request, consent, order or document. Mr. Haywood and Mr. Robinson shall not be liable for any mistake of fact or error or judgment, or for any act done or omitted in good faith as required or permitted by this or other orders of the Court. Mr. Haywood and Mr. Robinson shall be are under no obligation to institute or defend any action, suit or proceeding in connection with the Charlotte's Finest PACA Trust Account.

38. Any and all pending actions by or on behalf of other persons or entities against Charlotte's Finest, its officers, partners, or employees, which arise under or relate to the PACA or unpaid deliveries of produce are hereby stayed and all subsequent actions by any unpaid seller of Produce to Charlotte's Finest are hereby barred. This prohibition shall apply to all actions or proceedings before the United States Department of Agriculture and in all courts or other forums pending further order of the Court. Except as set forth in this Order, all persons or entities having unsatisfied claims against Charlotte's Finest, its officers or employees, arising under or relating to the PACA for unpaid deliveries of Produce to Charlotte's Finest shall have the right to seek recovery on such claims in this action only by following the procedures established in this Order.

39. Biggers IV, LLC is an entity that is partially owned by the Defendant herein, Howard Biggers, III, and this entity owns the real property from which Charlotte's Finest has operated. Biggers IV has entered into a contract to sell

the real property, an asset that may be alleged by the PACA trust creditors to be a PACA trust asset, to Foster-Caviness.

40. Biggers IV is hereby specifically permitted to sell the said real property to Foster-Caviness or to an assignee or designee, thereof, so long as said assignee and/or designee is a related entity of Foster-Caviness, pursuant to the economic terms of the Purchase and Sale Agreement attached hereto as Exhibit "B". The sale of the real property to Foster-Caviness shall be free and clear of any and all claims, encumbrances, liens or causes of action arising or relating in any way to the trust provisions of the PACA, with any and all claims, encumbrances, liens or causes of action attaching to the net proceeds realized from the sale of the real property. The net proceeds pf the sale, calculated after payment of closing costs, shall be held in escrow by the attorney for Biggers IV, LLC, Dain Dulaney until such further order of this Court. Any taxes that must be paid at closing pursuant to paragraphs 3(a)(i) and 5 of the Purchase and Sale Agreement between Biggers IV, LLC and Foster-Caviness may be disbursed at closing.

41. Biggers IV is specifically permitted to seek leave of this Court for the sole purpose of seeking declaratory relief for an order determining whether the real property is or is not part and parcel of the PACA trust *res*.

Stipulated and agreed on Friday, July 11, 2008.

| | |
|---|---|
| **ROBINSON ELLIOTT & SMITH** | **CARRUTHERS & ROTH, P.A.** |
| /s/ William C. Robinson | /s/ J. Patrick Haywood |
| William C. Robinson (Bar No. 17584) | J. Patrick Haywood (Bar No. 27881) |
| Post Office Box 36098 | P.O. Box 540 |
| Charlotte, NC 28236 | 235 N. Edgeworth St. |
| Telephone: 704-343-0061 | Greensboro, NC 27402 |
| Facsimile: 704-373-0290 | Telephone: (336)379-8651 |
| srobinson@reslawfirm.net | Facsimile: (336) 273-7885 |
| | jph@crlaw.com |
| *Counsel for Defendants* | *Counsel for Plaintiff, Intervening Plaintiff* |

**THE FOREGOING IS ORDERED AND APPROVED BY THE COURT.**

Signed: July 16, 2008

*[signature]*

Robert J. Conrad, Jr.
Chief United States District Judge