# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO: 3:08-CV-309-RJC-DCK

| | |
|---|---|
| L & M COMPANIES, INC., )<br>)<br>Plaintiff, )<br>v. )<br>)<br>BIGGERS III PRODUCE, INC., )<br>d/b/a CHARLOTTE'S FINEST PRODUCE, )<br>HOWARD R. BIGGERS, III, and )<br>DONALD BURNETTE, )<br>)<br>Defendants. ) | **ORDER** |

**THIS MATTER IS BEFORE THE COURT** on the "Motion to Intervene" (Document No. 55) filed by W.R. Vernon Produce Company ("VPC"). Having carefully considered the record, including the motion, multiple responses (Document Nos. 61, 62, 63), and reply (Document No. 65), the undersigned will **deny** the motion for the following reasons:[1]

To intervene as of right under Rule 24(a) of the Federal Rules of Civil Procedure, a claimant must first show that its motion to intervene is timely. *Howard v. McLucas*, 782 F.2d 956, 959 (11th Cir. 1986). Rule 24(a) provides:

---

[1] The Court notes that the motion to intervene does not satisfy the requirement under Local Rule 7.1 that counsel confer in good faith before filing a motion. Although counsel for VPC indicates that he notified counsel for the other PACA claimants of VPC's intent to file a late claim (Document No. 55, p. 2, ¶8), at least one other claimant's counsel has indicated that VPC counsel did not confer with him prior to filing the motion to intervene. (Document No. 61, p. 2). Local Rule 7.1(B) requires that a motion "shall show that counsel have conferred or attempted to confer ...." VPC's motion fails to certify any consultation with any case counsel, and thus, may be summarily dismissed on that basis. In any event, the motion may be denied on other grounds as well.

> (a) Intervention of Right. *On timely motion*, the court must permit anyone to intervene who:
> (1) is given an unconditional right to intervene by a federal statute; or
> (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest. (Emphasis added).

The facts in this case are straightforward. The Perishable Agricultural Commodities Act of 1930 ("PACA") is a remedial statute that regulates the sale of perishable agricultural commodities in interstate and foreign commerce to dealers and brokers. 7 U.S.C.A. § 499a et seq. As amended in 1984, Section 5 of the PACA creates a statutory trust for the benefit of unpaid suppliers of fresh produce. 7 U.S.C. § 499e; see, e.g., *A & J Produce Corp. v. Bronx Overall Economic Development Corp.*, 542 F.3d 54, 57 (2d Cir. 2008); *Overton Distributors, Inc. v. Heritage Bank*, 340 F.3d 361, 365-66 (6th Cir. 2003); *Finer Foods Sales Co. v. Block,* 708 F.2d 774, 782 (D.C. Cir. 1988).

The present case involves claims to a PACA trust. On July 16, 2008, this Court entered a "Stipulation And Agreed Order Establishing PACA Trust Claims Procedure" ("Order") which was later amended on August 12, 2008. (Document Nos. 12, 16). The Order provides a schedule to notify all known creditors of the Defendants, to allow for filing and objecting to claims, and to allow for claims resolution and payment. The Order provides seven deadlines between August 15, 2008 and November 15, 2008, to: issue notice, intervene and file claims, object, respond, file the master chart, object to the master chart, and make interim distribution of funds. (Document No. 16, ¶22.)

The Order specifically requires that "all persons claiming to be PACA trust creditors of the Defendants assert their rights in this action by an established bar date in order to close the class of PACA creditors, to prove their claim [and] share in any distribution of trust assets recovered ...."

(Document No. 16, ¶18). Paragraph 25 of the Order specifically states in capital letters, underlined and bolded: "**ANY CLAIMS NOT TIMELY FILED AND SERVED SHALL BE FOREVER BARRED.**" This language was clear, readily understandable, and was heavily emphasized in order to draw visual attention to it.

Notice of this Order was served upon all of Defendant's known creditors, including VPC. (Document No. 16, ¶21.) Numerous claimants filed timely claims before the September 15, 2008 deadline in this case. VPC did not file until over five weeks after the deadline expired, despite acknowledging that it had received and reviewed the Court's Notice at least two months earlier. (Document No. 55, pp. 2-3). VPC acknowledges that its present motion to intervene is untimely.

VPC filed this belated motion to intervene on October 23, 2008, arguing that its delay was due to "excusable neglect" and that it should be permitted to file a late claim pursuant to Rule 6 of the Federal Rules of Civil Procedure. Rule 6(b)(2) governs the exercise of a trial court's discretion to extend filing deadlines established by the rules and specifically provides that a trial court may "in its discretion ... upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect." Fed.R.Civ.P. 6(b)(2); see also, e.g., *Gaskins v. BFI Waste Services, LLC*, 281 Fed.Appx. 255, 258, 2008 WL 2415869, at *2 (4th Cir. 2008) (discussing applicability of Rule 6 where party sought to file a late petition).

In determining claims of excusable neglect, courts should consider the circumstances, including the reasons for delay (including whether it was within the reasonable control of the movant), the length of delay, prejudice to opposing parties, the impact on the judicial proceedings, and good faith of the moving party. *Pioneer Investment Services Co. v. Brunswick Associates*, 507 U.S. 380, 395 (1993); and see, e.g., *B & G Building Maintenance, Inc. v. N.L.R.B.*, 123 Fed. Appx.

551, 553 (4th Cir. 2005); *United States v. Stewart*, 2009 WL 434864, *1 (4th Cir.(N.C.)); *Lederer v. Hargraves Tech. Corp.*, 256 F. Supp. 2d 467, 469-70 (W.D.N.C. 2003).

VPC did not file its late motion to intervene until October 23, 2008 – the same day that all counsel in this case participated in a conference call to discuss the status of the claims filed, any objections, the negotiated resolution for several objections, the liquidation of the corporate Defendant's assets, and the anticipated distribution of proceeds. VPC acknowledges that it reviewed the Order before the deadline passed and opted not to act. Claimant D & T Brokerage, Inc. points out in its response that VPC made a tactical decision when it "voluntarily chose to ignore the Order" and filed late only "when it became apparent that funds would be available for distribution to the creditors." (Document No. 63, p. 3).

VPC replies that "[t]he decision not to act was not a "tactical decision"... instead, it was a conclusion reached in good faith based on past experience, on understanding of PACA Trust Notices under 7 U.S.C. §499e(c)(4), and on its layman's reading of a lengthy procedural order." (Document No. 65, p. 5). VPC's allegation that it did not initially comprehend the language "**ANY CLAIMS NOT TIMELY FILED AND SERVED SHALL BE FOREVER BARRED**" provides no justification for late intervention.

VPC, a grocery business operating since 1931, contends that it thought that language stamped on its invoices was sufficient to preserve its claims. Both VPC and the PACA have existed for approximately 78 years. VPC's long experience in the grocery business undermines its assertion of unfamiliarity with long-standing PACA procedures. See *Williston on Contracts* § 52:17 (explaining that "PACA is a federal statute which supersedes the state law of sales whenever the two cannot be reconciled."). In any event, the language of the Order was quite clear. The Order explained the

significance of the deadline in the notification and plainly required VPC to act. VPC's allegations to the contrary are without merit.

In light of the bold, underlined, all-capitalized type in the Order expressly cautioning that failure to act would forever bar its claims, VPC's argument falls quite short of providing any justification for its failure to timely intervene. "Inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute excusable neglect." *Pioneer*, 507 U.S. at 392; *Thompson v. E.I. DuPont de Nemours & Co., Inc.,* 76 F.3d 530, 533 (4th Cir. 1996). " 'Excusable neglect' is not easily demonstrated, nor was it intended to be." *Id.* at 534. The reasons given for VPC's delay do not provide justification for its attempted late entrance into the case.

In addition, the length of VPC's delay was significant, especially given the remedial and expeditious nature of PACA trust actions. The record reflects that the "Notice" was issued by August 15, 2008, but VPC did not seek to file a claim until October 23, 2008. The fact that VPC's chief financial officer ("CFO") was out of town for two weeks during this period does not explain VPC's failure to act for over two months. (Document No. 55-3, p.3). VPC acknowledges that it received timely notice of the Order and that its CFO reviewed the notice in September of 2008.

Although VPC argues that the other claimants will not be prejudiced by its late intervention, the other claimants strongly disagree. For example, the claimants L&M Companies, Inc., Greenline Foods, Inc., and Poppell's Produce, Inc., all point out that VPC has required the parties and the Court to expend additional time and resources to address this late motion on the eve of distribution. (Document No. 62). The claimants C.H. Robinson Company, Brooks Tropicals, LLC, and Virginia Produce Company, LLC, all point out that insufficient funds exist to pay all the claims to the PACA trust in full. (Document No. 61). They assert that the claimants who responded in a timely manner

would be prejudiced by a diminished pro-rata distribution, additional expenses incurred in making further objections, and further delay in receiving payment. Claimant D&T Brokerage, Inc. points out that the other creditors have expended time and resources to comply with the Court's deadlines and are currently awaiting distribution of funds. (Document No. 63, p. 10). The latter claimant suggests that VPC waited to see if were PACA trust assets to share and now wants to asserts a late claim. It is readily apparent that late intervention would cause substantial prejudice to the existing claimants and would unreasonably delay this case.

Alternatively, VPC moves for relief under Rule 60(b) of the Federal Rules of Civil Procedure. (Document No. 55-3, p. 3). Under Rule 60(b)(1), the Court may relieve a party from a final judgment, order, or proceeding for "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1); see also, 11 Fed. Prac. & Proc. Civ.2d § 2858. Of course, there is no "final judgment" in this case yet. VPC merely seeks relief from the September 15, 2008 deadline imposed by the Court's Order.

VPC argues that its own excusable neglect (as opposed to any neglect by its counsel) caused it to miss the Court's deadline for filing its valid claim for funds in the PACA trust. See, e.g., *Heyman v. M.L. Marketing Co.*, 116 F.3d 91, 94-95 (4th Cir. 1997) (holding that when dismissal is caused by the party's own negligence, vacatur under Rule 60 is not granted as freely); *Augusta Fiberglass Coating v. Fodor Contracting*, 843 F.2d 808, 811 (4th Cir. 1988) (same); *Cronin v. Henderson*, 209 F.R.D. 370, 371 (D.Md. 2002).

As already discussed, VPC has not shown any basis for excusable neglect. VPC's alleged misunderstanding of the Court's Order and long-standing PACA procedures provides no basis for relief. See, e.g., *Paddington Partners v. Bouchard*, 34 F.3d 1132 (2nd Cir. 1994)(finding no abuse

of discretion in denying Rule 60 motion for relief; the party's claim that it had failed to act earlier due to a misunderstanding of the law was not an "exceptional circumstance" justifying relief).

Even assuming that Rule 60 applies here, VPC's argument is unavailing. VPC's argument that it believed no affirmative action was necessary, despite the express language of the Court's Order, is not a reasonable belief. VPC acknowledges that it reviewed the Order, ignored it until after the deadline had passed, and then turned it over to its counsel. While VPC is owed a significant amount of money as supplier of fresh produce, it was incumbent upon it to pursue its claim in a timely manner, particularly when given express notice by the Court.[2] VPC's decision to ignore the notice provides no basis for late intervention in this case. See *Smith v. Bounds*, 841 F.2d 77, 78 (4th Cir.), *cert denied*, 488 U.S. 869 (1988) (rejecting defendant's assertion of excusable neglect under Rule 60(b) where party had ignored Court's orders).

**IT IS, THEREFORE, ORDERED** that the "Motion to Intervene" (Document No. 55) is **DENIED**.

Signed: March 5, 2009

David C. Keesler
United States Magistrate Judge

---

[2]According to VPC, its pro rate share of the PACA trust would be $19,888.21.