UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL CASE NO: 3:08-CV-309-RJC-DCK

| | |
|---|---|
| L & M COMPANIES, INC., | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) |
| | ) **ORDER** |
| BIGGERS III PRODUCE, INC., | ) |
| d/b/a CHARLOTTE'S FINEST PRODUCE, | ) |
| HOWARD R. BIGGERS, III, and | ) |
| DONALD BURNETTE, | ) |
| | ) |
| Defendants. | ) |

**THIS MATTER IS BEFORE THE COURT** on the two-part "Motion to Set Aside Entry of Default and Motion for Leave to File Answer within Ten Days" (Document No. 89) filed by Howard R Biggers, III ("Biggers") *pro se*, on behalf of himself and Defendant Biggers III Produce, Inc. ("Charlotte's Finest") (collectively "Defendants").[1] The Plaintiff, the Consol Plaintiff, and the Intervening Plaintiffs all oppose the motion. Also pending is the "Motion to Strike the Motion to Set Aside Entry of Default...." (Document No. 96) filed by Intervening Plaintiff D&T Brokerage, Inc. The Defendants have not responded to the motion to strike. Having carefully considered the record, including the parties' briefs and related filings (Document No. 89, 93-96, 97, 101), the undersigned will **grant** the motion to strike, and **deny** the motion to set aside, for the following reasons:

### I. Background

This lawsuit was commenced on July 3, 2008, pursuant to the Perishable Agricultural Commodities Act of 1930 ("PACA"). 7 U.S.C.A. § 499a *et seq*. As amended, PACA creates a

---

[1] The motion does not concern the third Defendant, Donald Burnett, who timely answered. (See Document No. 60, stipulating to dismissal of action with prejudice as to Burnette).

statutory trust for the benefit of unpaid suppliers of fresh produce and consolidates all the claims in one action. 7 U.S.C. § 499e; and see, *A & J Produce Corp. v. Bronx Overall Economic Development Corp.*, 542 F.3d 54, 57 (2d Cir. 2008).

On July 16, 2008, this Court entered a "Stipulation and Agreed Order Establishing PACA Trust Claims Procedure" ("Claims Procedure Order"), which was amended on August 12, 2008. (Document Nos. 12, 16). The Claims Procedure Order provided a schedule for notifying all known creditors of Defendants, for filing and objecting to claims, and for claims resolution and payment. The Order established seven deadlines to: issue notice, intervene and file claims, object, respond, file the master chart, object to the master chart, and make interim distribution of funds. (*Id*. 16, ¶22). At least $239,991.78 of accounts receivables have been collected to date. In addition, as anticipated by the Claims Procedure Order, Attorney Dain Dulaney is holding approximately $312,355.23 in escrow from the sale of real estate, and these funds have been ordered to be paid into the Court Registry as PACA assets.

The Claims Procedure Order also extended the Defendants' answer date to September 30, 2008. (Document Nos. 12, 16, ¶ 33). Although all three Defendants were given 45 days of additional time to answer, only Defendant Burnette answered. Despite having express knowledge of the stipulated extended deadline to file answers, Biggers and Charlotte's Finest failed to file answers to the original complaint or the complaints of any intervening plaintiffs. The case then proceeded through the various claims procedures, and all the deadlines noted above have passed.

On June 24, 2009, C.H. Robinson Company, Brooks Tropicals, LLC, and Virginia Produce Company, LLC, filed a motion for entry of default (Document Nos. 69) against Charlotte's Finest

and Biggers, and the Clerk made an entry of default against them on June 29, 2009. (Document No. 71). These three Plaintiffs then sought default judgment. (Document No. 74).

On June 26, 2009, D&T Brokerage, Inc. filed its motion for entry of default (Document No. 70) against Charlotte's Finest and Biggers, and the Clerk made an entry of default against them on June 29, 2009. (Document No. 72).

On July 10, 2009, Greenline Foods, Inc., Poppell's Produce, Inc., and L&M Companies, Inc. filed a motion for entry of default against Charlotte's Finest (Document No. 75) and a separate motion for entry of default against Biggers. (Document No. 76). The Clerk made separate entries of default against Charlotte's Finest on July 14, 2009 (Document No. 81) and against Biggers on July 10, 2009 (Document No. 79). These Intervening Plaintiffs then sought default judgment on August 13, 2009. (Document No. 88).

On July 16, 2009, Bushman's, Inc. filed for entry of default as to Charlotte's Finest and Biggers (see Document No. 83), and the Clerk made an entry of default against them on July 17, 2009. (Document No. 85).

In addition, a pre-trial conference was held on June 22, 2009 before Chief District Judge Robert J. Conrad, and a status hearing was held on July 13, 2009 before the undersigned. Biggers and Charlotte's Finest did not participate. Plaintiffs point out that the Defendants' counsel was given written and oral notice of these proceedings, but opted not to attend.

## II. Motion to Strike

On August 31, 2009, Biggers *pro se* filed a motion to set aside all the entries of default on behalf of both Charlotte's Finest and himself. However, Biggers may not represent the interests of Charlotte's Finest, nor can Charlotte's Finest appear *pro se*. *See Rowland v. California Men's*

*Colony*, 506 U.S. 194, 202 (1993) (observing that "it has been the law for the better part of two centuries .... that a corporation may appear in the federal courts only through licensed counsel").[2] As a corporation, Charlotte's Finest may appear in court only through counsel. *Id.*; and see, *The CIT Group/Comm. Services v. Crystal Springs Apparel, LLC*, No. 3:08-CV-113-FDW, 2008 WL 2832773, *3 (W.D.N.C. 2008) (holding that LLC may only appear in court through counsel and refusing to reconsider its order striking the individual defendant's *pro se* motion to set aside default against the LLC); *Sea Island Co. v. The IRI Group, LLC*, No. 3:07-CV-13-MR, 2007 WL 2997660, at *2 (W.D.N.C. Oct. 12, 2007) (striking motions filed on behalf of unrepresented corporation); *Microsoft Corp. v. Computer Service & Repair, Inc.*, 312 F.Supp.2d 779, 782 (E.D.N.C. 2004) (same). Hence, the motion to strike will be granted insofar as Biggers filed it on behalf of the corporate Defendant, Charlotte's Finest. To the extent Biggers is proceeding *pro se* on his own behalf, the undersigned will consider the motion to set aside as it pertains to Biggers personally.

### III. Motion To Set Aside Default and for Leave to File Answer

Rule 55(c) of the Federal Rules of Civil Procedure provides that a court may set aside an entry of default for "good cause shown." Fed.R.Civ.P. 55(c). "The disposition of motions made under Rule 55(c) ... is a matter which lies largely within the discretion of the trial judge and his action is not lightly to be disturbed by an appellate court." *Payne ex. Rel. Estate of Calzada v. Brake*, 439 F.3d 198, 204 (4th Cir. 2006) (quoting *Consolidated Masonry v. Wagman Construction Corp.*, 383 F.2d 249, 251 (4th Cir. 1967)). In *Payne*, the Fourth Circuit Court of Appeals explained that

---

[2]North Carolina state courts also prohibit corporations from appearing *pro se*. See *Lexis-Nexis, Div. of Reed Elsevier, Inc. v. TraviShan Corp.*, 155 N.C.App. 205 (2002) (holding that corporation must be represented by a licensed attorney).

"[w]hen deciding whether to set aside an entry of default, a district court should consider whether the moving party has a meritorious defense, whether it acts with reasonable promptness, the personal responsibility of the defaulting party, the prejudice to the party, whether there is a history of dilatory action, and the availability of sanctions less drastic." *Id.*; *and see, Lolatchy v. Arthur Murray, Inc.*, 816 F.2d 951, 953 (4th Cir. 1987). The movant bears the burden of showing "good cause." *Hill v. Belk Stores Servs., Inc.*, No. 3:06-CV-398-GCM, 2007 WL 1200093, *1 (W.D.N.C. 2007) ("a general denial of the claims is insufficient to overturn a default").

Here, Biggers has not shown good cause to set aside the multiple entries of default against him. Pursuant to the Claims Procedure Order, the Court extended the Defendants' answer date to September 30, 2008. Despite this extension of time, and despite having express knowledge of the stipulated extended deadline to file answers, Biggers and Charlotte's Finest did not file answers. Although Biggers complains that the Defendants were not "reminded" to answer, this Court's Order set a specific deadline, and no party thereafter needed any sort of reminder to comply. Biggers was well aware of the Claims Procedure Order and its deadlines, which were stipulated to by all parties. The Claims Procedure Order was signed on behalf of the Defendants by their local counsel William C. Robinson, Esq. and was negotiated by their lead counsel Carolann Swanson, Esq. As the emails submitted by opposing counsel reflect, the Defendants have been represented by counsel regarding the PACA claims, even if Ms. Swanson did not formally enter an appearance. (Document No. 94).[3]

---

[3]Biggers' motion and reply (Document Nos. 89, 101) are not typical of most *pro se* writings, suggesting the possibility that these filings may have been "ghost-written" by an attorney. If so, this practice is strongly disapproved. *See In re Mungo*, 305 B.R. 762 (Bkrtcy. D.S.C. 2003), 2003 WL 23319590.

The Defendants also ignored discovery requests served on their counsel, as well as various other motions and court proceedings. The Defendants opted not to participate in scheduled matters, even though counsel was notified of the dates and times by multiple sources. As the emails reflect, Ms. Swanson communicated repeatedly on behalf of the Defendants with opposing counsel and even indicated her intent to participate in the status hearing, but failed to do so. In short, Biggers bears personal responsibility for knowingly disregarding case deadlines and other scheduled matters. Biggers cannot now complain that he did not realize the case was "active."

Over a year after failing to answer, Biggers now seeks to set aside multiple entries of default. His motion to set aside was itself filed over two months after the first entry of default. (Document No. 89). This additional two month lapse does not qualify as "reasonable promptness." *Payne*, 439 F.3d at 204; *Consolidated Masonry*, 383 F.2d at 252 (finding a delay of over two months to be unreasonable). In his motion, Biggers claims that the Defendants received no notice of the motions for default. However, he also asserts that the Defendants began speaking to counsel upon receipt of the motions for entry of default. These assertions are inconsistent. (Document No. 89, ¶¶ 8, 10). Given that this case has already proceeded through the stipulated claims procedures for a full year, and given the intended remedial and expeditious nature of PACA trust actions, the relief requested by Biggers would prejudice the other parties by causing additional delay and expense. A less severe sanction is not meaningful here, as the PACA creditors are entitled to expeditious payment and further delay is not warranted.

With respect to any prejudice to Biggers, he was well aware of this case and knowingly ignored it until recently, which is very late in the proceedings. His initial stipulation through counsel to the Claims Procedures Order indicates that he agreed to collection of the accounts receivable for

the benefit of the various creditors. His lack of subsequent involvement in this case suggests that he deliberately chose not to take any further active role, at least until it appeared that the amounts collected might be insufficient to satisfy creditors and that he might be exposed to personal liability. This tactical decision provides no basis to set aside the entries of default.

Although Biggers contends that no offset amounts are listed, this is a matter of accounting and not a "meritorious defense" for purposes of *Payne*. Moreover, the present record reflects that the PACA claims would all likely be fully covered by the account receivables collected and the real estate funds held in escrow by attorney Dain Dulaney, counsel for the related entity Biggers IV, LLC. Biggers need not fear that the PACA creditors would receive a windfall, as all funds will be fully accounted for in this proceeding.

As set forth in the stipulated Claims Procedure Order, the Defendants knew over one year ago that the real estate proceeds might be PACA assets, and that Biggers IV, LLC, could seek leave for "the sole purpose of seeking declaratory relief for an order determining whether the real property is or is not part and parcel of the PACA trust." (Document No. 16, ¶ 41). Biggers IV, LLC, did not do so. On July 10, 2009, the intervening Plaintiffs moved for transfer of those real estate proceeds into the Court Registry as PACA assets. Defendants did not respond,[4] and the undersigned ordered

---

[4] Pursuant to the "Amended Stipulation And Agreed Order Establishing PACA Trust Claims Procedure," Defendants acknowledged: 1) that Biggers IV, LLC, is an entity partially owned by Biggers, and this entity owned the real property from which Charlotte's Finest operated; 2) that Biggers IV, LLC intended to sell this real property to Foster Caviness, and 3) that this asset may be alleged by the PACA trust creditors to be a trust asset. (Document No. 16, ¶¶ 39-40). The Order allowed Biggers IV, LLC to seek leave of Court to seek a determination of whether the real property was part of the PACA trust. (*Id.* ¶ 41). After a year, Biggers IV, LLC had still not done so. Even after notice of the motion to transfer funds, the Defendants did not respond. The certificate of service (Document No. 77, p. 5) indicates that a copy of the motion was mailed on July 10, 2009 to William C. Robinson, who is listed as local counsel for the

the funds transferred into the Court Registry. Although Biggers seeks leniency based on his purportedly *pro se* status, the record suggests that the Defendants have had counsel throughout this proceeding.[5] He also has an ownership interest in the related entity Biggers IV, LLC, which has counsel and is filing motions in this case.

Although the undersigned would ordinarily consider granting additional time for an unrepresented party to obtain legal counsel, the Defendants here did not answer for over one year, did not respond for several months to the entries of default, and their lead counsel (Ms. Swanson) has not sought to be admitted *pro hac vice*, despite repeatedly communicating on behalf of Defendants regarding the ongoing claims and hearings in this case. The Defendants have not addressed this problem. Under these circumstances, further delay is not appropriate.

To the extent Biggers complains of the collection efforts on the accounts receivable for Charlotte's Finest, his unsupported allegations are conclusory and do not present a meritorious defense. The Defendants specifically stipulated (through counsel) in the Claims Procedure Order to have counsel for L & M Companies collect the accounts receivable. The Consol Plaintiff and intervening Plaintiffs point out that "[g]ood collections and recovery have been made and, as a result, all valid PACA trust claimants herein have already received payment of approximately 50% of their claims .... accountings on collection have been circulated between all counsel and have been filed

---

Defendants in the stipulated Claims Procedure Order. Additionally, given that Swanson had not entered her appearance yet, the Clerk of Court sent notice directly to the Defendant Biggers at his home address.

[5]Biggers owns 50% of Biggers III, dba "Charlotte's Finest"; his wife owns the other half.

with the Court." (Document No. 97, p. 6). Over one year later, Biggers now complains for the first time about collection efforts on the accounts receivable. This last minute criticism is unavailing.

Having carefully considered all the relevant *Payne* factors, the undersigned concludes that the entries of default should not be set aside and that Biggers is unreasonably attempting to answer this lawsuit far too late in this PACA proceeding.

**IT IS, THEREFORE, ORDERED** that, insofar as Biggers seeks to assert *pro se* claims for the corporate Defendant Charlotte's Finest, the "Motion to Strike the Motion to Set Aside Entry of Default..." (Document No. 96) is **GRANTED**; and

**IT IS FURTHER ORDERED** that the "Motion to Set Aside Entry of Default, and for Leave to File Answer within Ten Days" (Document No. 89) is **DENIED**.

**IT IS SO ORDERED**.

Signed: December 8, 2009

David C. Keesler
United States Magistrate Judge