IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:08cv309-RJC-DCK

| | | |
|---|---|---|
| L & M COMPANIES, INC., | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| BUSHMANS', INC., BROOKS | ) | ORDER |
| TROPICALS, LLC, VIRGINIA PRODUCE | ) | |
| COMPANY, LLC, D&T BROKERAGE, | ) | |
| INC., GREENLINE FOODS, INC., | ) | |
| POPPELL'S PRODUCE, INC., YOUNG'S | ) | |
| TRUCK CENTER, INC., | ) | |
| | ) | |
| Intervenor Plaintiffs | ) | |
| v. | ) | |
| | ) | |
| BIGGERS III PRODUCE, INC., d/b/a | ) | |
| CHARLOTTE'S FINEST PRODUCE, | ) | |
| HOWARD R. BIGGERS, III, and | ) | |
| DONALD BURNETTE, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |
| C.H. ROBINSON COMPANY, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| BIGGERS III PRODUCE, INC., d/b/a | ) | |
| CHARLOTTE'S FINEST PRODUCE, | ) | |
| HOWARD R. BIGGERS, III, and | ) | |
| DONALD BURNETTE, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

THIS MATTER is before the Court pursuant to objections to the PACA claims (Doc. Nos. 36,

38 & 39), objection to the PACA Trust Chart (Doc. No. 59), motions for default judgment (Doc. Nos.

74, 78, 88 & 122), motion for temporary and permanent relief from July 16, 2008 and August 3, 2009

Orders (Doc. No. 90), motion to vacate or intervene (Doc. No. 102), appeal of the Magistrate Judge's

Order (Doc. No. 113), and the related memoranda. The motions are now ripe for review.

## I.    BACKGROUND

Two sellers of perishable agricultural commodities, L&M Companies, Inc. ("L&M") and C.H.

Robinson Company ("C.H. Robinson") commenced separate lawsuits, which were later consolidated

(Doc. No. 14), pursuant to the Perishable Agricultural Commodities Act of 1930 ("PACA"), 7 U.S.C.

§ 499a et seq., to recover money owed to them for the sale of produce to defendant Biggers III d/b/a

Charlotte's Finest Produce ("Charlotte's Finest"). In the lawsuits, plaintiffs named as defendants the

officers and directors of Charlotte's Finest: Howard Biggers ("Biggers") and Donald Burnette

("Burnette"). Plaintiffs claimed that 7 U.S.C. § 499e(c)(2) created a trust for their benefit over the

proceeds of their produce and that defendants owed money to plaintiffs as beneficiaries of the trust.[1]

Plaintiffs also alleged that Biggers and Burnette breached their fiduciary duties as trustees of the trust.

### A.    Claims Procedure Order

On July 16, 2008, the Court entered a Stipulation and Agreed Order Establishing Trust Claims

Procedure ("Claims Procedure Order") (Doc. No. 12), which was amended on August 12, 2008 (Doc.

No. 16), and signed by Patrick Haywood as counsel for the plaintiffs and William Robinson as counsel

for the defendants. The Claims Procedure Order provided a schedule for notifying all known creditors

of defendants the deadlines for filing and objecting to claims, and for claims resolution and payment.

The Order established deadlines for issuing a notice, intervening and filing claims, objecting,

_____

[1] 7 U.S.C. § 499e(c)(2) provides: "Perishable agricultural commodities received by a commission merchant, dealer, or broker in all transactions . . . and any receivables or proceeds from the sale of such commodities or products, shall be held by such commission merchant, dealer, or broker in trust for the benefit of all unpaid suppliers or sellers of such commodities or agents involved in the transaction, until full payment of the sums owing in connection with such transactions has been received by such unpaid suppliers, sellers or agents." see also Nickey Gregory Co., LLC v. AgriCap, LLC, No. 09-1130, 2010 U.S. App. LEXIS 4587, at *3-7 (4th Cir. Mar. 4, 2010) (discussing the purpose and history of PACA).

responding, filing the master chart, objecting to the master chart, and making interim distributions of funds. The Claims Procedure Order required creditors to file and serve complaints in intervention and PACA proofs of claim. Several interested parties filed documents claiming to be creditors, including: L&M, C.H. Robinson, Bushmans', Inc., ("Bushmans'"), Brooks Tropicals, LLC ("Brooks Tropicals"), Virginia Produce Company, LLC ("Virginia Produce"), D&T Brokerage, Inc. ("D&T"), Greenline Foods, Inc., ("Greenline") Poppell's Produce, Inc. ("Poppell's"), and Robert S. Dilworth ("Dilworth").[2]

**B.    Objections to the PACA claims**

The Claims Procedure Order required objections to claims to be filed by September 30, 2008. Additionally, the Claims Procedure Order provided that "[a]ny PACA Proof of Claim to which no objection has been filed . . . shall be deemed a valid PACA trust claim for the amount stated in the Proof of Claim." (Doc. No. 16 at 11, ¶ 26). The Claims Procedure Order allowed parties to file responses to objections by October 10, 2008. Furthermore, the Order states:

> Claims for which an objection has been filed and no timely response was filed shall be disallowed to the extent of the objection. Any claim subject to an objection which does timely file a response will be determined by a court hearing, or by stipulation between the objector and claimant and request for Court approval. The first hearing on objections to PACA claims and responses shall be a status/settlement conference, and the Court will make appropriate orders to resolve the same. Counsel for the parties shall communicate prior to the hearing to discuss settlement.

(Doc. No. 16 at 11, ¶ 29).

On September 29, 2008, D&T objected to the PACA claim of Dilworth. (Doc. No. 36). Dilworth never filed a response. Paragraph 29 of the Claims Procedure Order states: "Claims for which an objection has been filed and no timely response was filed shall be disallowed to the extent of the

---

[2] The plaintiffs and intervening plaintiffs are collectively referred to as PACA claimants in this Order.

objection." (Doc. No. 16 at 10, ¶ 29). Therefore, Dilworth's claim for $90,954.75 is stricken in its entirety.

On September 30, 2008, C.H. Robinson, Brooks Tropicals, and Virginia Produce objected to claims filed by Dilworth, L&M, and Bushmans'. (Doc. No. 38). The parties later withdrew their objections against L&M and Bushmans' (Doc. No. 51), and the claims by Dilworth have already been stricken.

Burnette objected to the claims submitted by C.H. Robinson, D&T, Poppell's, Virginia Produce, and Brooks Tropicals (Doc. No. 39), and later withdrew their objections (Doc. Nos. 53 & 56). D&T, Virginia Produce, and C.H. Robinson later stipulated to a dismissal with prejudice of all claims against Burnette. (Doc. No. 60).

There are no pending objections to the PACA claims.

### C. PACA Trust Chart

The Claims Procedure Order requires objections to the PACA Trust Chart to be filed within five days after filing of the Chart. Plaintiffs' attorney Patrick Haywood filed the PACA Trust Chart and the PACA Trust Account Summary on October 27, 2008. (Doc. Nos. 57 & 58). The PACA Trust Chart states that the total amount of PACA claims, without including Dilworth's claim, totaled $420,979.49. (Doc. No. 57-1). Charlotte's Finest already collected $239,991.78 from the accounts receivable. (Doc. No. 58-1). Eighty-five percent of those collections, or $203,993.01, has been paid or allocated to Charlotte's Finest's PACA claimants. The holdback of fifteen percent is used to cover the costs incurred in administering the PACA trust. Based on these filings, approved PACA claims of $216,986.48 remain unpaid as of September 1, 2009.

W.R. Vernon Trust Company ("Vernon Trust") objected to the Chart, claiming that it had a valid PACA Trust claim and the Chart failed to provide any payment for Vernon Trust. (Doc. No. 59).

However, the Magistrate Judge later denied Vernon Trust's untimely motion to intervene as a claimant (Doc. No. 66), thereby mooting Vernon Trust's objection.

### D. Default Judgments against Biggers and Charlotte's Finest

The Claims Procedure Order extended the Defendants' answer deadline to September 30, 2008. Defendant Donald Burnette filed his answer on September 29, 2008. Defendants Biggers and Charlotte's Finest have not answered.

On June 24, 2009, C.H. Robinson, Brooks Tropicals, and Virginia Produce filed a motion for entry of default against Charlotte's Finest and Biggers (Doc. No. 69), and the Clerk entered default against them on June 29, 2009 (Doc. No. 71). On July 9, 2009, plaintiffs filed a motion for default judgment. (Doc. No. 74).

On June 26, 2009, D&T filed its motion for entry of default against Charlotte's Finest and Biggers (Doc. No. 70), and the Clerk entered default against them on June 29, 2009 (Doc. No. 72). On July 10, 2009, D&T filed a motion for default judgment. (Doc. No. 78).

On July 10, 2009, Greenline, Poppell's, and L&M filed a motion for entry of default against Charlotte's Finest (Doc. No. 75) and a separate motion for entry of default against Biggers (Doc. No. 76). The Clerk made separate entries of default against Charlotte's Finest on July 14, 2009 (Doc. No. 81) and against Biggers on July 10, 2009 (Doc. No. 79). On August 13, 2009, Greenline, Poppell's and L&M filed a motion for default judgment. (Doc. No. 88).

On July 16, 2009, Bushmans' filed a motion for entry of default against Charlotte's Finest and Biggers (Doc. No. 83), and the Court later entered default on July 17, 2009. On March 23, 2010, Bushmans' filed a motion for default judgment. (Doc. No. 122).

On August 31, 2009, Biggers filed a motion to set aside entry of default and for leave to file an answer on behalf of himself and Charlotte's Finest. (Doc. No. 89). D&T moved to strike the motion

on September 17, 2009. (Doc. No. 96). The Magistrate Judge granted the motion to strike as it relates to Charlotte's Finest, and denied Biggers' motion to set aside entry of default and for leave to file an answer. (Doc. No. 112). Biggers appeals the Magistrate Judge's denial of the motion to set aside entry of default. (Doc. No. 113). The appeal of the Magistrate Judge's Order is now ripe for review.

### E.      Biggers IV

Biggers IV, LLC ("Biggers IV") is an entity that is owned by defendant Howard Biggers and his wife. On November 12, 1997, Biggers IV acquired real property located at 810 Withers Cove Park Drive in Charlotte, North Carolina ("Property"). Biggers IV paid $396,651 to acquire the Property. On or about May 18, 1998, Biggers IV, as landlord, entered into a written lease with Charlotte's Finest, as tenant, for the Property. Charlotte's Finest occupied the building between 1998 and 2008 and paid rent to Biggers IV until August 2008. On August 18, 2008, Biggers  IV sold the Property and its fixtures for $1,800,000. Biggers IV received net proceeds of $312,355.23. A capital gain of $622,191 was realized by Biggers IV on sale of the Property.

In the Claims Procedure Order, the Court discussed the Property owned by Biggers IV:

> 39.     Biggers IV, LLC is an entity that is partially owned by the Defendant herein, Howard Biggers, III, and this entity owns the real property from which Charlotte's Finest has operated. Biggers IV has entered into a contract to sell the real property, an asset that may be alleged by the PACA trust creditors to be a PACA trust asset, to Foster-Caviness.
>
> 40.     Biggers IV is hereby specifically permitted to sell the said property to Foster-Caviness . . .  The sale of the real property to Foster-Caviness shall be free and clear of any and all claims, encumbrances, liens or causes of action arising or relating in any way to the trust provisions of the PACA, with any and all claims, encumbrances, liens or causes of action attaching to the net proceeds realized from the sale of the real property.  The net proceeds of the sale, calculated after payment of closing costs, shall be held in escrow by attorney for Biggers IV, LLC, Dain Dulaney until such further order of this Court. . . .
>
> 41.     Biggers IV is specifically permitted to seek leave of this Court for the sole purpose of seeking declaratory relief for an order determining

whether the real property is or is not part and parcel of the PACA trust *res*.

(Doc. No. 16 at 13-14).

Biggers IV did not seek leave of the Court to seek declaratory relief. On July 10, 2009, the PACA claimants moved the Court to transfer the proceeds of the sale of the Property of Biggers IV into the Court's Registry. (Doc. No. 77). No response was filed to the motion. On August 3, 2009, the Magistrate Judge granted the motion to transfer ("Transfer of Property Order"). (Doc. No. 87). On September 9, 2009, Biggers IV moved to seek relief from the Claims Procedure Order requiring attorney Dain Dulaney to hold the proceeds from the sale of Biggers IV's Property in trust and from the Transfer of Property Order. (Doc. No. 90). Dulaney has not transferred the funds to the Court's Registry in light of Biggers IV's pending motion. (Doc. No. 115).

### F.     Young's Truck Center

In October 2008, Young's Truck Center, Inc. ("Young's Truck Center") initiated a civil action against Biggers IV in North Carolina superior court. An order of attachment was issued on October 15, 2008. Default judgment was granted in favor of Young's Truck Center on March 16, 2009. A writ of execution was issued as to Biggers IV and the writ was served upon Dain Dulaney in order to satisfy the judgment obtained by Young's Truck Center. On October 10, 2009, Young's Truck Center moved to intervene and vacate the Court's Claims Procedure Order and Transfer of Property Order because of its interest in a portion of the sale proceeds of Biggers IV's Property, which was the subject of the superior court's order of attachment and judgment lien. (Doc. No. 102). Young's Truck Center's motion is now ripe for review.

## II.    STANDARD OF REVIEW

### A.    Appeal of an Order by the Magistrate Judge

The district court has authority to assign non-dispositive pretrial matters pending before the court to a magistrate judge to "hear and determine." 28 U.S.C. § 636(b)(1)(A). When reviewing an objection to a magistrate judge's order on a non-dispositive matter, the district court must set aside or modify any portion of that order which is clearly erroneous or contrary to law. Fed. R. Civ. P. 72(a). If a magistrate judge's order is contrary to law, then the judge must have failed to apply or misapplied statutes, case law, or procedural rules. See Catskill Dev. LLC v. Park Place Entm't Corp., 206 F.R.D. 78, 86 (S.D.N.Y. 2002).

Alternatively, the district court may assign dispositive pretrial matters pending before the court to a magistrate judge for "proposed findings of fact and recommendations." 28 U.S.C. § 636(b)(1)(B). The Federal Magistrate Act provides that "a district court shall make a de novo determination of those portions of the report or specific proposed findings or recommendations to which objection is made." Id. § 636(b)(1); Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983). However, "when objections to strictly legal issues are raised and no factual issues are challenged, de novo review of the record may be dispensed with." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Similarly, de novo review is not required by the statute "when a party makes general or conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations." Id. Moreover, the statute does not on its face require any review at all of issues that are not the subject of an objection. Thomas v. Arn, 474 U.S. 140, 149 (1985); Camby, 718 F.2d at 200.

### B.    Rule 55(a)

"To obtain a default judgment, a party must first seek an entry of default under Federal Rule of Civil Procedure 55(a)." Hayhurst v. Liberty Int'l Underwriters, Inc., No. 5:08cv107, 2009 U.S. Dist.

LEXIS 5347, at *2 (N.D. W. Va. Jan. 29, 2009); see Eagle Fire, Inc. v. Eagle Integrated Controls, Inc., No. 3:06cv264, 2006 U.S. Dist. LEXIS 41054, at *14 (E.D. Va. June 20, 2006) ("The entry of default is a procedural prerequisite to the entry of a default judgment."). Rule 55(a) states that the clerk must enter default "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." Fed. R. Civ. P. 55(a).

After the clerk enters a default, the party may seek a default judgment under Rule 55(b), which "authorizes the entry of a default judgment when a defendant fails 'to plead or otherwise defend' in accordance with the Rules." United States v. Moradi, 673 F.2d 725, 727 (4th Cir. 1982). Default judgments are generally disfavored in the Fourth Circuit. Tazco, Inc. v. Dir., OWCP, 895 F.2d 949, 950 (4th Cir. 1990).

**C.     Rule 55(c)**

Rule 55(c) allows a court to set aside an entry of default for good cause. Fed. R. Civ. P. 55(c). A district court has broad discretion in deciding whether to set aside a Clerk's entry of default. Consol. Masonry & Fireproofing, Inc. v. Wagman Constr. Corp., 383 F.2d 249, 251 (4th Cir. 1967) ("The disposition of motions made under Rules 55(c) and 60(b) is a matter which lies largely within the discretion of the trial judge and his action is not lightly to be disturbed by an appellate court."). And "[a]ny doubts about whether relief should be granted should be resolved in favor of setting aside the default so that the case may be heard on the merits." Tolson v. Hodge, 411 F.2d 123, 130 (4th Cir. 1969). The Fourth Circuit determined that "relief from a judgment of default should be granted where the defaulting party acts with reasonable diligence in seeking to set aside the default and tenders a meritorious defense." Moradi, 673 F.2d at 727; see also Tolson, 411 F.2d at 130 ("Rules 55(c) and 60(b) are to be liberally construed in order to provide relief from the onerous consequences of defaults and default judgments.").

## III.    DISCUSSION

### A.    Appeal of Magistrate Judge's Order

On December 9, 2009, the Magistrate Judge granted D&T's motion to strike as it relates to Charlotte's Finest. In granting the motion, the Magistrate Judge held that Biggers may not represent the interests of Charlotte's Finest, a corporation, nor can Charlotte's Finest appear pro se. Biggers does not appeal this ruling in its pending motion, and the Court affirms the Magistrate Judge's Order as it relates to the motion to strike.

In the December 9 Order, the Magistrate Judge also denied Biggers' motion to set aside entry of default. As stated above, Rule 55(c) states that "[t]he court may set aside entry of default for good cause." Fed. R. Civ. P. 55(c). The Fourth Circuit noted a number of factors for district courts to consider in deciding whether to set aside default entries, including: "whether the moving party has a meritorious defense, whether it acts with reasonable promptness, the personal responsibility of the defaulting party, the prejudice to the party, whether there is a history of dilatory action, and the availability of sanctions less drastic." Payne ex. rel. Estate of Calzada v. Brake, 439 F.3d 198, 204 (4th Cir. 2006). Biggers objects to the following conclusions of the Magistrate Judge: (1) Biggers' conclusory statements of a meritorious defense do not satisfy Rule 55; (2) Biggers failed to act with reasonable promptness; (3) Biggers contributed to the procedural delay; and (4) PACA claimants would be prejudiced if the entries of default were set aside.

### 1.    Meritorious defense

Courts have discretion to determine whether a proffered defense is meritorious. Bank of Southside Va. v. Host & Cook, LLC, 239 F.R.D. 441, 445 (E.D. Va. 2007). "A meritorious defense requires a proffer of evidence which would permit a finding for the defaulting party or which would

establish a valid counterclaim." Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corp., 843 F.2d 808, 812 (4th Cir. 1988).

Biggers argues he is not liable for payments he made during the ordinary course of business. However, Biggers has presented no underlying facts to support his defense. See Consolidated Masonry & Fireproofing, Inc. v. Wagman Constr. Corp., 383 F.2d 249, (4th Cir. 1967) ("Furthermore, the defendant did no more than allege in conclusory fashion that it had a meritorious defense."); Md. Nat'l Bank v. M/V Tanicorp I, 796 F. Supp. 188, 190 (D. Md. 1992) ("The mere assertion of a meritorious defense is not enough, Defendant must state the underlying facts to support the defense."). Biggers has not even specified the types of payments which he believes were made during the ordinary course of business.

Biggers' second "defense" is that the total accounts receivable for Charlotte's Finest is only a few thousand dollars less than the total PACA claims. Yet, as the Magistrate Judge noted, this statement is merely an accounting and not a meritorious defense. This factor does not weigh in Biggers' favor.

### 2. Reasonable promptness

Biggers argues that the reasonable promptness factor weighs in his favor. Reasonable promptness is evaluated "in light of the facts and circumstances of each occasion," with much deference given to the exercise of discretion by the trial judge. Moradi, 673 F.2d at 727. In his objections, Biggers admits to receiving copies of the motions for entry of default. Yet, he waited two months after the first entry of default to file his motion to set aside the default. See Consolidated Masonry, 383 F.2d at 251 (finding a delay of over two months to be unreasonable). Biggers claims that the delay in filing the motion was the result of his inability to seek counsel to respond to the motions. However, Biggers had more than two months to seek local counsel. According to Biggers, he was only represented by

local counsel relating to the Claims Procedure Order entered by the Court in July 2008, about a year before the Court entered default against Biggers. As of the date of this Order, local counsel for Biggers has not filed an appearance in this case and Biggers has not filed an answer. The reasonable promptness factor does not weigh in Biggers' favor.

### 3. Personal responsibility of the defaulting party

The third factor also weighs in favor of denying Biggers' motion. A "blameless party [should] not be disadvantaged by the errors or neglect of his attorney." Moradi, 673 F.2d at 728. In this case, defendant's former local counsel, William Robinson, signed the Claims Procedure Order that set all the deadlines in the case. According to Biggers, Robinson only represented Biggers for the Claims Procedure Order, even though Robinson continued to receive several documents in the case and never moved to withdraw. For several months during this case, Biggers was also represented by out-of-state counsel, Carol Swanson. Emails between Swanson and the plaintiffs' attorneys show that Swanson was representing Biggers as early as July 2008 and as late as February 2009, even though Swanson never moved to appear pro hac vice in the case. (See Doc. Nos. 94-1 at 1; 120-1 at 1). Although both of Biggers' counsel failed to comply with the Local Rules, Biggers has failed to show how their errors prevented him from timely filing an answer. Biggers was aware of the deadlines established and chose instead to sit on his rights until after the Court ordered the transfer of funds into the Court registry.

### 4. Prejudice to the parties

The last factor weighs in favor of denying Biggers' motion. Biggers is not prejudiced by entry of default since his initial stipulation through counsel in stipulating to the Claims Procedure Order indicates that he agreed to collection of the accounts receivable for the benefit of the various creditors. The PACA claimants would be prejudiced if the Court allowed Biggers to file an answer over a year after the answer was due, causing additional delay and expense for the claimants.

5.    Weighing of factors

All of the Payne factors weigh in favor denying the motion to set aside entry of default. Biggers has not stated any facts to support an ordinary course of business defense. He waited two months before responding to the motions for entry of default. He was represented by an attorney when the deadline for answering was set in the Claims Procedure Order. He has failed to show how the errors of his two attorneys prevented him from filing an answer. Last, the PACA claimants would be prejudiced if Biggers were allowed to file an answer. Therefore, the Court finds that the Magistrate Judge did not commit clear error in denying Biggers' motion.[3]

## B.    Motions for default judgment

C.H. Robinson, Brooks Tropicals, Vernon Trust , D&T, Greenline Foods, Poppell's, L&M, and Bushmans' moved for default judgment against Biggers and Charlotte's Finest. (Doc. Nos. 74, 78, 88 & 122). Defendants were properly served process. Defendants are not minors or incompetent persons. The parties in this case agreed to an extension of time for defendants to file an answer. William Robinson signed the Claims Procedure Order on behalf of defendants, agreeing to file an answer by September 30, 2008. Biggers and Charlotte's Finest failed to timely file an answer or otherwise plead in the case. The Clerk entered default against both defendants on behalf of each plaintiff. The PACA claimants who moved for default judgment pursuant to Rule 55(b) are entitled to judgment against

---

[3] The Magistrate Judge treated the motion to set aside entry of default as a non-dispositive pretrial matter by issuing an order instead of a memorandum and recommendation. When reviewing an objection to a magistrate judge's order on a non-dispositive matter, the district court must apply the clearly erroneous standard. Fed. R. Civ. P. 72(a). The Court realizes that other federal courts have considered a Rule 55(c) motion as a dispositive motion, thereby requiring the district court to apply the de novo standard of review. See, e.g., Sharp v. Maricopa Cty., No. 08-2316, 2009 U.S. Dist. LEXIS 116738, at *1-2 (D. Ariz. Dec. 15, 2009); see also Conetta v. Nat'l Hair Care Ctrs., Inc., 236 F.3d 67, 73 (1st Cir. 2001) ("It is not clear whether the Rule 55(c) motion to vacate the default could be regarded as a 'pretrial' motion; linguistic and policy arguments can be made either way, . . . and there is no case law on point.") (citations omitted). The Court's analysis in this case would be no different under a de novo standard of review.

Biggers and Charlotte's Finest. The Court, therefore, accepts as true the facts stated in the complaint, which establish defendants' liability.

1.    Prejudgement and postjudgment interest

The PACA claimants seek prejudgment interest and postjudgment interest. "Federal law controls the issuance of prejudgment interest awarded on federal claims." Fox v. Fox, 167 F.3d 880, 884 (4th Cir. 1999). Although PACA does not specifically provide for prejudgment interest, "courts have uniformly agreed that a district court has broad discretion to award prejudgment interest to PACA claimants under 7 U.S.C. § 499e(c)(2)." Middle Mountain Land and Produce, Inc. v. Sound Commodities, Inc., 307 F.3d 1220, 1226 (9th Cir. 2002); see Country Best v. Christopher Ranch, LLC, 361 F.3d 629, 632 (11th Cir. 2004) (Congress "chose to allow 'full payment of the sums owing in connection with [commodities] transactions,' . . . [which] unambiguously encompasses not only the price of commodities but also related expenses.") (quoting 7 U.S.C. § 499e(c)(2)).

Here, the invoices for the various claimants state the applicable interest rate that would be used if defendants failed to pay the invoice on time. The following claimants had unpaid invoices which contained a prejudgment interest rate of 1.5% per month: Brooks Tropical and Virginia Produce (Doc. No. 17); L&M (Doc. No. 1-2); C.H. Robinson (Case No. 3:08-cv-314; Doc. No. 1-1); Poppell's (Doc. No. 31-1); and Bushmans' (Doc. No. 27-1). Greenline's unpaid invoices contained a prejudgment interest rate of 2% per month. (Doc. No. 29-1). The Court awards prejudgment interest to these claimants based on the interest rate contained in their invoices. Interest shall accrue on the due date provided on each unpaid invoice.

D&T is the only claimant whose invoices do not contain a term regarding prejudgment interest. (Doc. No. 23-1). Despite the lack of a term for prejudgment interest, however, the decision to award prejudgment interest is within its discretion. See Middle Mountain, 307 F.3d at 1226 ("[A] district court

14

may award reasonable prejudgment interest to PACA claimants if such an award is necessary to protect the interests of PACA claimants, and that such an award absent contract is discretionary."). The Court determines that the award of prejudgment interest is appropriate in this case since it furthers the purpose of PACA by encouraging prompt payment to suppliers. See May Produce Co. v. E. W. Imps., No. 3:09cv1383, 2009 U.S. Dist. LEXIS 117076, at *4 (N.D. Tex. Dec. 15, 2009) (relying on the purpose of PACA in awarding prejudgment interest even though invoices did not contain a term for prejudgment interest). The Court finds that a prejudgment interest rate of 1.5% is reasonable.

The PACA claimants also seek an award of postjudgment interest. Postjudgment interest for all claimants shall accrue from the date of entry of judgment, as mandated by 28 U.S.C. § 1961.

### 2. Attorneys' fees and costs

The PACA claimants also seek an award of attorneys' fees and costs, as stated on their unpaid invoices. "[C]ase law supports an award of attorney's fees to PACA trust creditors who have the requisite attorney fee language on their invoices as 'sums owing in connection with such transactions.'" Nickey Gregory Co., LLC v. AgriCap, LLC, 592 F. Supp. 2d 862, 878 (D.S.C. 2008) (quoting U.S.C. § 499e(c)(2)) (citing cases in the Second, Ninth, and Eleventh Circuits). In this case, all of the unpaid invoices contained a term for attorneys' fees. The Court, therefore, awards the claimants attorneys' fees.

### C. Motion for temporary and permanent relief from Claims Procedure Order and August 3, 2009 Orders

Biggers IV seeks relief from the Claims Procedure Order (Doc. No. 12), later amended August 12, 2008 (Doc. No. 16), and the Magistrate Judge's Transfer of Property Order (Doc. No. 87). Biggers IV argues that the Court lacks personal jurisdiction over Biggers IV and in rem jurisdiction over the Property proceeds. The PACA claimants assert that Biggers IV waived personal jurisdiction when its

principal, Howard Biggers, negotiated the Claims Procedure Order. They also claim that the Court has in rem jurisdiction over the real estate proceeds since the proceeds are a PACA trust asset.

The Claims Procedure Order states that the Property is "an asset that may be alleged by the PACA trust creditors to be a PACA trust asset." (Doc. No. 16 at 14 ¶ 39). The Order granted Biggers IV permission to seek relief to determine whether the Property is a PACA trust asset:

> 41.    Biggers IV is specifically permitted to seek leave of this Court for the sole purpose of seeking declaratory relief for an order determining whether the real property is or is not part and parcel of the PACA trust *res*.

Biggers waited to appear in the case until after the Court ordered the transfer of assets, a year after the Claims Procedure Order. While the Court is reluctant to consider Biggers IV's arguments presented at this late stage in the proceeding, since it implicates a jurisdictional question, the Court will construe the motion as a motion to intervene as of right pursuant to Rule 24(a)(2), and allow Biggers IV to intervene.[4]

### Whether the Property is a PACA trust asset

The PACA claimants argue that the Court has in rem jurisdiction over the proceeds of the sale of Property since the parties stipulated that the Court shall exercise exclusive in rem jurisdiction over the PACA Trust Assets. (Doc. No. 16 at 12). This just begs the question of whether the Property is a trust asset. PACA states that a district court has jurisdiction to entertain "actions by trust beneficiaries to enforce payment from the trust." 7 U.S.C. § 499e(c)(5). Trust assets are "all inventories of food or other products derived from perishable agricultural commodities, and any receivables or proceeds from the sale of such commodities or products." 7 U.S.C. § 499e(c)(2). The Claims Procedure Order states

---

[4] Although Biggers IV failed to comply with the Rule 24(c) requirements in filing the present motion, the Fourth Circuit has stated that "the proper approach is to disregard non-prejudicial technical defects." <u>Spring Constr. Co. v. Harris</u>, 614 F.2d 374, 376 (4th Cir. 1980).

that Biggers IV owned the Property from which Charlotte's Finest operated, and the Property is an asset that "may be alleged by the PACA trust creditors to be a PACA trust asset." (Doc. No. 12 at 18).

A PACA trust was created when the defendants received shipment of the perishable commodities. 7 U.S.C. § 499e(c)(2); see 7 C.F.R. § 46.46 (defining "received" as "the time when the buyer . . . gains ownership, control, or possession of the perishable agricultural commodities"). The PACA trust does not attach to property acquired before the trust existed. In re Kornbloom & Co., 81 F.3d 280, 284-87 (2d Cir. 1996).

The oldest invoice of a PACA claimant in this case was dated October 2007. (Doc. No. 27-1). Biggers IV acquired the Property on November 12, 1997, ten years prior to the time when the PACA trust was created. Because the Property was acquired before the trust was created, the Property is not part of the PACA trust res. Therefore, the proceeds made by Biggers IV from the sale of the Property are not part of the PACA trust res.

A PACA trust "includes use of the proceeds from the sale of perishables for legitimate business expenditures, such as the payment of rent." Morris Okun, Inc. v. Harriy Zimmerman, Inc., 814 F. Supp. 346, 348 (S.D.N.Y. 1993); see Atl. Coast Produce, Inc. v. McDonald Farms, Inc., No. 5:04cv15, 2005 U.S. Dist. LEXIS 14993, at *17 (W.D. Va. July 21, 2005) (holding that the claimants were entitled to recover rent paid by the defendant to third parties). The claimants never asserted an interest in the rental payments, which are worth about $160,000;[5] instead, they asserted an interest in the Property proceeds, which total $312,355.23. The Property is not a trust asset, and the claimants have not provided the Court with any authority to allow it to consider the Property a trust asset because of the rental

---

[5] Biggers IV paid $14,000 per month in rent for about eleven months after the trust was created.

payments.[6]   The Court, therefore, grants Biggers IV's motion for relief from the Court's Claims

Procedure Order and the Transfer of Property Order, and vacates the Transfer of Property Order.

## IV.   CONCLUSION

**IT IS, THEREFORE, ORDERED** that:

1.   Magistrate Judge's Order denying Biggers' motion to set aside entry of default is **AFFIRMED**;

2.   C.H. Robinson, Brooks Tropicals, and Virginia Produce's motion for default judgment (Doc. No. 74) is **GRANTED** and the Court hereby renders judgment in favor of plaintiff against Biggers and Charlotte's Finest, jointly and severally, in the amount of $44,429.75 for C.H. Robinson, $6348.91 for Brooks Tropicals, and $18,907.44 for Virginia Produce, plus postjudgment interest pursuant to 28 U.S.C. § 1961, and reasonable attorneys' fees.  Counsel are instructed to file an affidavit showing their attorneys' fees.  Prejudgment interest is awarded to C.H. Robinson, Brooks Tropicals, and Virginia Produce at an interest rate of 1.5% per month, and prejudgment interest shall accrue on the due date provided in each unpaid invoice;

3.   D&T's motion for default judgment (Doc. No. 78) is **GRANTED** and the Court hereby renders judgment against Biggers and Charlotte's Finest, jointly and severally, in the amount of $47,594.38 for D&T Brokerage, plus postjudgment interest pursuant to 28 U.S.C. § 1961, and reasonable attorneys' fees in the amount of $18,280.16. Prejudgment interest is awarded to D&T at an interest rate of 1.5% per month, and prejudgment interest shall accrue on the due date provided in each unpaid invoice;

4.   L&M, Greenline, and Poppell's motion for default judgment (Doc. No. 88) is **GRANTED** and the Court hereby renders judgment against Biggers and Charlotte's Finest, jointly and severally, in the amount of $65,520.70 for L&M Companies, $10,013.93 for Greenline Foods, and $13,362.83 for Poppell's, plus postjudgment interest pursuant to 28 U.S.C. § 1961, and reasonable attorneys' fees.  Counsel are instructed to file an affidavit showing their attorneys' fees.  Prejudgment interest is awarded to L&M and and Poppell's at an interest rate of 1.5% per month.  Prejudgment interest is awarded to Greenline at an interest rate of 2% per month.  Interest shall accrue on the due date provided in each unpaid invoice;

5.   Bushmans' motion for default judgment (Doc. No. 122) is **GRANTED** and the Court hereby renders judgment against Biggers and Charlotte's Finest, jointly and severally,

---

[6] Even if the claimants had asserted an interest in the rental payments, Biggers IV would have the right to prove that the rent money was not a proceed of the PACA produce.  The Court need not determine the origin of the rent, since the claimants did not assert an interest in the rent.

in the amount of $30,696.74, plus postjudgment interest pursuant to 28 U.S.C. § 1961, and reasonable attorneys' fees. Counsel are instructed to file an affidavit showing their attorneys' fees. Prejudgment interest is awarded at an interest rate of 1.5% per month. Interest shall accrue on the date provided in each unpaid invoice;

6. Defendants, their agents, servants and employees are ordered to turn over to Patrick Haywood for pro-rata distribution to Plaintiffs all proceeds of produce sales of Defendants, all accounts receivable generated by produce sales of Defendants, and all assets into which these proceeds have been commingled to the extent that Plaintiff is paid in full as required by 7 U.S.C. § 499(e)(c)(2);

7. Biggers IV motion for temporary and permanent relief from the July 16, 2008 Order and August 3, 2009 Order (Doc. No. 90) is **GRANTED** and the Transfer of Property Order (Doc. No. 87) is **VACATED;**

8. Young's Truck Center's motion to vacate or intervene (Doc. No. 102) is **DENIED as moot**; and

9. D&T Brokerage's motion to compel compliance with order directing funds to be deposited into the Registry of the Court or, alternatively, show cause (Doc. No. 110) is **DENIED as moot**.

Signed: April 9, 2010

Robert J. Conrad, Jr.
Chief United States District Judge